## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHNNY B. MADRID,

      Plaintiff,

    vs.                                       No. CIV 97-1369 JC/WWD

EL PASO NATURAL GAS COMPANY, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion to Remand, filed November 20, 1997 (Docket No. 5).  The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities.  The Court finds that Plaintiff's motion is not well taken and will be denied.

## Background

Plaintiff, Johnny Madrid, claims he was wrongfully discharged by Defendant, El Paso Natural Gas Company ("EPNG"), for reporting improper waste burial practices.  Plaintiff originally filed a complaint against EPNG in this Court alleging disparate treatment, constructive discharge and prima facie tort.  (Pl.'s Complaint filed May 23, 1997, No. CIV 97-0725 JC/RLP.)  Plaintiff's original federal complaint was faulty because Plaintiff had attempted to invoke diversity of citizenship jurisdiction by alleging damages in excess of $50,000, instead of the $75,000 required under the diversity statute.  See 28 U.S.C. § 1332, as amended by Act of Oct. 19, 1996, Pub.L. 104-317, Title II, § 205(a), 110 Stat. 3850.  On September 8, 1997, this Court ordered Plaintiff to amend his

complaint with the proper jurisdictional amount or face dismissal without prejudice.  On September 19, 1997, Plaintiff indicated he had no objection to dismissal, and on September 23, 1997, the Court dismissed the case without prejudice for lack of subject matter jurisdiction.

Plaintiff subsequently filed a complaint, and then an amended complaint, in the Sixth Judicial District Court in Luna County, New Mexico.  Plaintiff's amended complaint was almost identical to his original federal complaint--alleging disparate treatment, constructive discharge and prima facie tort.  The only difference between Plaintiff's original federal complaint and his amended state complaint was the omission of an amount in controversy allegation in the state complaint.

On October 23, 1997, EPNG filed its Notice of Removal based on diversity of citizenship. Plaintiff now moves for remand arguing that EPNG has not demonstrated the requisite amount in controversy.

### Analysis

### I.  Legal Standard

A federal court's removal jurisdiction is statutory in nature and is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941).  Any doubts are to be resolved in favor of remand.  Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); Radio Shack Franchise Dep't v. Williams, 804 F. Supp. 151, 153 (D. Kan. 1992).  The burden of demonstrating the propriety of removal rests with the party seeking removal.  Her Majesty the Queen in Right of Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-98 (1921)); Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996).

## II.  Discussion

In this case, Defendant has removed on the basis of diversity of citizenship jurisdiction, and Plaintiff's Amended Complaint does not specify an amount in controversy.  When the amount in controversy is not clear from the face of the complaint, a federal court may look to the notice of removal.  Laughlin v. KMart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  Because, as stated above, the burden of establishing the propriety of removal rests with the party seeking removal, it is up to Defendant to establish that the amount in controversy in this case satisfies the jurisdictional amount.  Thus, Defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  See De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) (when plaintiff's complaint does not allege a specific amount, defendant may remove upon showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount).  To do this, Defendant must set forth, "in the notice of removal itself, the 'underlying facts supporting (the) assertion that the amount in controversy exceeds [$75,000].'" Laughlin, 50 F.3d at 873 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  If Defendant meets this burden, the burden shifts to Plaintiff to show to a legal certainty that as a matter of law recovery cannot exceed the jurisdictional amount.  14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3725 at 212-13 (Supp. 1997).

I find that Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Defendant's Notice of Removal points out that Plaintiff's Amended Complaint sets out claims for back pay and other actual damages, including lost wages and benefits.  Indeed, in Plaintiff's prayer for relief he specifies that he seeks a judgment "[f]or back pay and for **other actual damages** for other injuries as described [in the body of the

-3-

complaint.]"  (Pl.'s Amended Complaint at 7) (emphasis added). In paragraph 22 of his Amended Complaint, Plaintiff hints at what these **other actual damages** might be.  Plaintiff indicates that he has suffered serious medical and psychological problems, and has been forced to take medical leave from his job.  Plaintiff further indicates that he has been unable to return to work, which, when taken in conjunction with his prayer for relief, suggests he is seeking front pay or lost future wages in his claims.  This indication is supported by the fact that Plaintiff initially filed this action in federal court claiming damages in excess of $50,000.

Defendant's Notice of Removal includes an affidavit of Ms. Barbara A. Williams, the Director of Benefits and Payroll at EPNG, which clearly states that the present value of Plaintiff's future salary, calculated to age 65, is $152,045.21.  Defendant also highlights that Plaintiff is seeking punitive damages in this case.  Punitive damages are properly considered when considering whether the amount in controversy exceeds the requisite statutory amount, although they are not dispositive.  See J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 976 (D. Kan. 1992).  Consequently, I find that Defendant has shown the amount in controversy in this case to be, more likely than not, in excess of $75,000.  I also find that Plaintiff has failed to counter with evidence that the recovery cannot exceed the jurisdictional amount.  Thus, Plaintiff's Motion to Remand will be denied.

The Court is mindful of Plaintiff's choice of forum, and recognizes the possible unfairness to Plaintiff if his damages are less than the jurisdictional prerequisite.  The Court will, therefore, remand *sua sponte*, if Plaintiff stipulates that the amount in controversy is less than $75,000.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is **denied**.

DATED this 8th day of December, 1997.


_____
**CHIEF UNITED STATES DISTRICT JUDGE**



Counsel for Plaintiff:       Eric Scott Jeffries
Ripley B. Harwood
Jeffries & Rugge, P. C.
Albuquerque, New Mexico

Counsel for Defendant:     Grace Philips
Sarah M. Singleton
Montgomery & Andrews, P. A.
Santa Fe, New Mexico