**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHNNY B. MADRID,

      Plaintiff,

      vs.                                                                              No. CIV 97-1369 JC/WWD

EL PASO NATURAL GAS
COMPANY, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment on all Counts and Dismissal on Counts I and III of Plaintiff's Complaint, filed January 5, 1998 (Doc. No. 13). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities, and heard oral argument on May 13, 1998. The Court finds that the motion is well taken in part, and will be **granted in part**.

**Background**

      Plaintiff, Johnny Madrid, claims he was wrongfully discharged by Defendant, El Paso Natural Gas Company ("EPNG"), for reporting improper waste burial practices. Plaintiff claims EPNG: (1) "changed [his] work schedule at the last minute to disrupt his family vacation plans, to revoke permission to attend continuing education courses, or to otherwise demand his work attendance at previously unscheduled times and on unreasonably short notice"; (2) threatened his job security; (3) wrote him up for supposed infractions and "attitude problems"; (4) docked his pay on one

occasion; and (5) gave him a bad evaluation--all in retaliation for blowing the whistle on improper waste burial practices.

## Analysis

Defendant moves for dismissal of Plaintiff's disparate treatment and prima facie tort claims under Federal Rule of Civil Procedure 12(b)(6).  Defendant argues disparate treatment is generally an employment discrimination concept, requiring an allegation of discrimination based on some personal characteristic such as race or sex.  Defendant contends Plaintiff has not claimed discrimination based on an unlawful classification and that New Mexico does not recognize a blanket disparate treatment tort.  I agree with Defendant in this regard and will therefore grant Defendant's motion to dismiss Plaintiff's disparate treatment claim.

I will also grant Defendant's motion to dismiss Plaintiff's prima facie tort claim.  A prima facie tort claim in New Mexico is not permitted to duplicate, or remedy a defect in, another established cause of action.  Yeitrakis v. Schering-Plough Corp., 804 F. Supp. 238, 249 (D.N.M. 1992).  Because New Mexico recognizes retaliatory discharge as an exception to the at-will employment doctrine, the prima facie tort is unavailable to remedy the termination of an at-will employee.  Id.

Defendant also moves for summary judgment on Plaintiff's constructive discharge claim under Count II.[1]  Defendant argues summary judgment is appropriate for two reasons:  first, that Plaintiff has received accord and satisfaction on his claim in a previous Department of Labor, Wage and Hour

---

[1] New Mexico recognizes the tort of retaliatory discharge as a narrow exception to the employment at-will doctrine.  See Garrity v. Overland Sheepskin Co. of Taos, 121 N.M. 710, 714 (1996).  Although there is no case law in New Mexico recognizing a retaliatory constructive discharge claim, I am confident the New Mexico courts would recognize such a claim because the public policy behind the retaliatory discharge exception is the same whether the employee is fired or antagonized to a point of quitting.

Division action; and second, that Plaintiff has never been discharged because he is on long-term disability leave.

I am unpersuaded by either of Defendant's arguments. At this point, I do not know the scope of the Wage and Hour Division agreement. I suspect the agreement covered the same allegations levied in this action; however, I am not sure. Plaintiff's Complaint is drafted so broadly that it may cover additional adverse actions by EPNG. For instance, there may be other occasions where Plaintiff's work schedule was changed at the last minute. Compare Pl.'s First Am. Compl. ¶ 14, with Mem. Supp. Def.'s M. Sum. J. Ex. A, Att. 1-3. I also assume the adverse employment evaluation Plaintiff received in December of 1996 was not a part of the Wage and Hour agreement. Thus, even though I am extremely skeptical of Plaintiff's claim, I think there is a factual issue as to whether there was accord and satisfaction in the Wage and Hour Division.

I am also unpersuaded by Defendant's argument that Plaintiff cannot maintain his constructive discharge claim because he was never discharged. See Shafer v. Dallas County Hosp. Dis., No. CA 3-96-CV-1580-R, 1997 WL 667933, *6 (N.D. Tex. Oct. 21, 1997); Whitney v. Xerox Corp., Civ. A. No. 94-CV-3852, 1994 WL 613630, *3 n.1 (E.D. Pa. Oct. 31, 1994) ("That the plaintiff is on long term disability does not preclude a cause of action for constructive discharge."). But cf. Reynolds v. School Dist. No. 1 of Denver, Colo., 69 F.3d 1523, 1534 (10th Cir. 1995) (no constructive discharge where teacher placed on administrative leave and then transferred to another teaching position); Cunningham v. The Kansas City Star Co., 995 F. Supp. 1010 (W.D. Mo. 1998) (employee on long-term disability leave still employed). I do not believe "[t]he sine qua non of a discharge case is" a discharge in every case. (Def.'s Reply at 5.) In fact, Courts routinely recognize that forcing someone into retirement is an actionable constructive discharge. See James v. Sears,

Roebuck and Co., Inc., 21 F.3d 989 (10th Cir. 1994).  Furthermore, in many retaliatory discharge cases, the employee goes on leave before he or she actually resigns.  In those cases the courts have generally found that the constructive discharge occurred on the date the employee went on leave and not the date the employee actually resigned.  See Dortz v. City of New York, 904 F. Supp. 127, 153 (S.D.N.Y. 1995); Williams v. Environmental Defense Fund, 668 N.Y.S.2d 240, 241 (N.Y.A.D. 2 Dept., Jan. 26, 1998).

I basically find it difficult to distinguish between forcing a person to retire and forcing a person onto disability leave.  I believe there can be situations where an employer sufficiently and impermissibly retaliates against an employee to such a degree that the employee chooses to go on leave instead of resigning.  An employee faced with a choice between a hostile work environment, the unemployment line, and disability leave will choose the disability leave every time.[2]  I will therefore deny Defendant's motion for summary judgment on the constructive discharge claim.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Counts I and III of Plaintiff's First Amended Complaint is **granted**.  It is further ordered that Defendant's Motion for Summary Judgment on Plaintiff's constructive discharge claim under Count II is **denied**.

DATED this 15th day of July, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] And with whistle blowing plaintiffs, where the underlying rationale behind the retaliatory discharge claim is to protect the public and not the employee, we need to protect the whistle blower to realize the public benefit.

| | |
|---|---|
| Counsel for Plaintiff: | Eric Scott Jeffries |
| | Ripley B. Harwood |
| | Jeffries & Rugge, P.C. |
| | Albuquerque, New Mexico |
| | |
| Counsel for Defendants: | Sarah M. Singleton |
| | Montgomery & Andrews, P.A. |
| | Santa Fe, New Mexico |